# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 11, 2015

## STATE OF TENNESSEE v. KYLE ROGER STEWART

**Appeal from the Criminal Court for White County**
**No. 5500     Leon C. Burns, Jr., Judge**

_____

**No. M2014-01309-CCA-R3-CD - Filed May 18, 2015**

_____

Defendant, Kyle Roger Stewart, appeals from the trial court's revocation of probation. On March 21, 2012, Defendant pleaded guilty to three counts of aggravated burglary. Pursuant to the plea agreement, Defendant received concurrent sentences of four years with 180 days to be served in confinement and the balance to be suspended on probation. Defendant also agreed to pay $17,875.00 in restitution to the victims. On December 19, 2013, a "Probation Violation Report" was filed, alleging that Defendant had violated the conditions of his probation by failing to report a change in his residence, failing to report to his probation officer, and failing to pay restitution as ordered. Following a probation revocation hearing, the trial court revoked Defendant's probation and ordered Defendant to serve his sentences in confinement. Defendant appeals and asserts that the trial court denied him procedural due process by failing to make adequate findings regarding the evidence supporting his probation revocation. Defendant also asserts that the trial court's decision to revoke probation and order Defendant to serve his sentence does not comply with the sentencing principles. Having reviewed the record before us and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR. and TIMOTHY L. EASTER, JJ., joined.

Brandon S. Griffin, Sparta, Tennessee, for the appellant, Kyle Roger Stewart.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Randall A. York, District Attorney General; and Philip Hatch, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

*Probation revocation hearing*

Probation officer Teresa Autry testified that Defendant was placed on probation on March 21, 2012. She testified that one condition of Defendant's probation was for him to make restitution payments. Ms. Autry testified that Defendant had not paid any amount towards restitution. She testified that Defendant "was supposed to bring those receipts in to me, and I have no verification." She also testified that Defendant's address changed on May 17, 2013, and that he had stopped reporting. She testified that before Defendant stopped reporting, he called "periodically" and told her that he missed his appointment "due, supposedly, to work." Ms. Autry testified that her supervisor, Donnie Webb, took over her responsibilities while she was on medical leave for a period of time during her supervision of Defendant's probation.

Defendant testified that he made restitution payments in the amount of $50.00 each in January, February, March, and April 2013. Defendant testified that he attempted to meet with Mr. Webb in June 2013, while Ms. Autry was on medical leave. He testified, "I showed up, I had a friend, he took me, took pictures. I slid a note under the door and told him to contact me, because the door was locked." He testified that his phone calls and text messages were not answered. On cross-examination, Defendant acknowledged that he failed to report in July, August, September, and October 2013.

At the conclusion of the hearing, the trial court made the following findings of fact:

> In March of 2012, you [pleaded guilty, then you] paid to the clerk four months in 2013, and nobody's seen you before that time or after that time, in May 2013.
>
> You've been on probation since 2012, I guess, and walked off in 2013. And then you've got this excuse, said, "Well, I called her and texted her, and she never responded back."
>
> I'd be much more impressed if there had been evidence of having gone to the probation officer, have gone to even Cookeville, or whatever, to make an effort to find somebody. But you just walked away.
>
> . . . .

Three aggravated burglaries are pretty serious offenses. So, based on the allegation that he's been missing since May of 2013, and hearing no proof that he's made any reasonable efforts to demonstrate to the probation department his whereabouts, I'd find him in violation to serve his sentence.

*Analysis*

Defendant contends that he was not afforded due process because the trial court failed to make sufficient findings of fact. Defendant also asserts that the trial court's decision to revoke probation and order Defendant's sentence into effect violate the principles of sentencing.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. T.C.A. §§ 40-35-310, -311. The revocation of probation lies within the sound discretion of the trial court. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" *State v. Wall*, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)).

A defendant at a probation revocation proceeding is not entitled to the full array of procedural protections associated with a criminal trial. *See Black v. Romano*, 471 U.S. 606, 613 (1985); *Gagnon v. Scarpelli*, 411 U.S. 778, 786-90 (1973). However, such a defendant is entitled to the "minimum requirements of due process," including: (1) written notice of the claimed violation(s) of probation; (2) disclosure to the probationer of evidence against him or her; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless good cause is shown for not allowing confrontation); (5) a neutral and detached hearing body, members of which need not be judicial officers or lawyers; and (6) a written statement by the fact-finder regarding the evidence relied upon and the reasons for revoking probation. *Gagnon*, 411 U.S. at 786; *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). Pursuant to *State v. Liederman*, 86 S.W.3d 584, 589 (Tenn. Crim. App. 2002), where the transcript indicates that the trial court made oral findings at the conclusion of the probation revocation hearing regarding both the grounds for revocation and the reasons for the court's finding, the requirement of a "written statement" is satisfied.

Defendant asserts that this case is analogous to *State v. George P. Fusco*, No. M2013-00991-CCA-R3-CD, 2014 WL 296012 (Tenn. Crim. App., Jan. 28, 2014), *no perm. app. filed*, in which a panel of this court reversed the trial court's revocation of probation and remanded the case "for entry of a written order detailing the evidence [the trial court] relied upon and the reasons for revoking appellant's probation." In that case, the record reflected "that, in two paragraphs, the trial judge noted his concern with the exacting conditions of appellant's probation but also noted that appellant was required to be in strict compliance with those conditions." However, the trial court "made no other findings of fact regarding what it relied on and the reasons for revoking appellant's probation." *Id*. at *4.

Like the trial court in *George P. Fusco*, here the trial court did not make any written findings but made oral findings on the record. Unlike the court in *George P. Fusco*, however, the trial court's findings, although brief, state its reasons for revoking Defendant's probation. The trial court found that Defendant made four restitution payments in 2013 and that Defendant had failed to report or make restitution payments since May 2013. The trial court found that there was "no proof [presented] that [Defendant had] made any reasonable efforts to demonstrate to the probation department his whereabouts[.]" We conclude that the trial court's findings in this case sufficiently state the trial court's reasons for revoking probation, that Defendant failed to report to his probation officer since May, 2013, and therefore allow for appellate review.

Defendant also asserts that the trial court failed to consider the principles of sentencing before ordering Defendant to serve his sentence, and Defendant suggests that the trial court should have considered other available sentencing options. This court has stated that "while consideration of sentencing principles is mandatory in determining a defendant's original sentence, 'reference to these principles is not necessary in determining the appropriate sanction following a revocation of probation.'" *State v. Randy Tyrone Crawford*, No. M2000-02358-CCA-R3-CD, 2001 WL 881368, at *3 (Tenn. Crim. App., Aug. 7, 2001), *perm. app. denied* (Tenn., Jan. 14, 2002) (quoting *State v. Howard Luroy Williamson, Jr.*, No. 02C01-9507-CC-00201, 1996 WL 551793, at *2 (Tenn. Crim. App., Sept. 30, 1996)). Once a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2010); *see State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). In order for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id*.

-4-

The record shows the trial court considered Defendant's four payments of restitution before May 2013, and his failure to report after May 2013. The court noted that Defendant had not made reasonable efforts to report to his probation officer as was a condition of his probation. The evidence does not preponderate against the trial court's finding that a probation violation occurred, and the trial court did not abuse its discretion in ordering Defendant's sentences be placed into effect as such action was within the court's authority. *See* T.C.A. § 40-35-310, -311(e).

For the foregoing reasons we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE